UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCE PRODUCE, INC.,

        Plaintiff,

v.                                  Case No. 8:13-cv-00242-T-30AEP

ISADORE A. RAPASADI AND SONS,
INC., *et al.*,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

      Plaintiff, Advance Produce, Inc. ("Advance Produce"), a wholesale seller of perishable commodities, alleges that Defendants, Isadore A. Rapasadi and Sons, Inc. ("the Company"), and Robert S. Rapasadi, in his individual capacity ("the Principal"), purchased perishable agricultural commodities, or produce, in interstate commerce from Advance Produce and subsequently failed to pay Advance Produce in violation of the Perishable Agricultural Commodities Act, 1930 ("PACA").[1]  Amongst other relief, Advance Produce seeks a preliminary injunction enjoining Defendants from using, consuming, selling, or otherwise dissipating PACA trust assets, or making payment of any trust asset to any creditor, person, or entity until further order of the Court or until Defendants pay the sum of $41,250.36 plus interest, costs, and attorney's fees to Advance Produce.  (Dkt. No. 2 at ¶ 2.)  Advance Produce also seeks a preliminary injunction ordering the Defendants to account to the Court and Advance Produce's attorney for all accounts payable, accounts receivable, and all other assets held in Defendants' names.  (Dkt. No. 2 at ¶ 3.)  After

_____

[1] 7 U.S.C. §§ 499a-499s, as amended (2001 & Supp. 2003).

consideration of the pleadings and the argument on record at the hearing, the undersigned recommends that Plaintiff's Motion for Emergency Issuance of a Preliminary Injunction (Dkt. No. 2) be granted as Plaintiff's counsel established the factors for issuing a preliminary injunction.[2]

## I.  Standard of Review

The decision to grant or deny a preliminary injunction is within the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  In determining whether a preliminary injunction should issue, the district court considers whether the moving party has demonstrated: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the moving party unless the injunction issues; (3) the threatened injury to the movant outweighs the potential harm the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not disserve or be adverse to the public interest.  *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1240 (11th Cir. 2005) (citation omitted).  Since a preliminary injunction is an extraordinary and drastic remedy, a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.  *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted).

## II.  Discussion

The Court held a hearing on this matter on February 14, 2013.  Defendants were properly notified and served with a copy of the Motion for Preliminary Injunction, among other pleadings. (Dkt. No. 9.)  Likewise, Defendants were properly notified and served with a notice of the

---

[2]The district judge referred the matter for issuance of a Report and Recommendation (Dkt. No. 6).  *See* 28 U.S.C. § 636 and Local Rule 6.01.

preliminary injunction hearing. (Dkt. No. 11.) On the record at the hearing, Advance Produce's counsel indicated that it was her understanding that no Defendants would appear at the hearing. In fact, no Defendants appeared at the hearing. The Court therefore construes Advance Produce's Motion for Preliminary Injunction as unopposed.

Advance Produce's counsel established on the record all of the factors for issuing a preliminary injunction. Advance Produce established its likelihood of success on the merits as evidenced by the attached invoices to the Complaint (Dkt. No. 1, Ex. A) and by the affidavit of Brittani Canals (Dkt. No. 4), and the fact that Defendants do not seem to dispute that the amount is due and owed. Advance Produce's counsel represented at the hearing that Advance Produce's irreparable harm is a significant amount of money at stake that may destroy Advance Produce's business. As Advance Produce's counsel indicated, the balance of threatened harm to Advance Produce in losing its business and not being paid what it is owed outweighs the harm in forcing Defendants to pay Advance Produce for goods it received. And Advance Produce asserts that entry of a preliminary injunction would serve the public interest because it would compel Defendants to comply with the law – PACA. Lastly, grounds for setting the bond at $0 have been established because Defendants already possess $41,250.36 of PACA trust assets that belong to Advance Produce.

### III.  Conclusion

A preliminary injunction is an extraordinary remedy to be used only when a party carries its burden as to the four prerequisites. *Four Seasons*, 320 F.3d at 1210. Advance Produce has met that burden.

3

Accordingly, it is hereby **RECOMMENDED** that:

1)   Plaintiff's Motion for Emergency Issuance of a Preliminary Injunction (Dkt. No. 2) be **GRANTED**;

2)   Plaintiff's proposed Order Granting Motion for Preliminary Injunction (Dkt. No. 14) be adopted by the Court and entered; and

3)   This Report and Recommendation be adopted immediately upon issuance, rather than allowing for a fourteen-day objection period, in light of no opposition to the Motion.

**IT IS SO REPORTED** in Tampa, Florida, on this 14th day of February, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


cc:   The Honorable James S. Moody, Jr.
      Counsel of Record

4