IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCE PRODUCE, INC.,
a Florida corporation,

    Plaintiff,

vs.                              Case Number: 8:13-cv-00242-JSM-AEP

ISADORE A. RAPASADI AND
SONS, INC., a New York corporation,
ROBERT S. RAPASADI, an Indi-
vidual,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

This matter comes before the Court pursuant to Plaintiff Advance Produce, Inc.'s Motion for Emergency Issuance of a Preliminary Injunction [Doc. 2]. For the reasons set forth below, the Court **GRANTS** the Motion for Preliminary Injunction:

I.    **Findings of Fact**

On the basis of Plaintiff's Motion for Emergency Restraining Order [Doc. 3], Plaintiff's Motion for Emergency Issuance of a Preliminary Injunction [Doc. 2] and Affidavit of Brittani Canals [Doc. 4], this Court finds as follows:

    1.    Plaintiff is a Florida corporation with its principal office located in Spring Hill, Florida, which sells wholesale quantities of perishable agricultural commodities in interstate commerce under a valid PACA License issued by the United States Department of Agriculture.

    2.    Defendant, Isadore A. Rapasadi and Sons, Inc. (the "Company"), is a New York Corporation, with its principal place of business in Canastota, New York. The Company purchased various jumbo onions ("Produce") in wholesale quantities from Plaintiff, and

therefore, is a "dealer" of Produce as defined by the Perishable Agriculture Commodities Act, 1930 7 U.S.C. 499a-499s (the "PACA").

3. Defendant, Robert S. Rapasadi, individually, ("Rapasadi"), is the principal owner and Chief Executive Officer of the Company at all times relevant to this action. The Company and Rapasadi are collectively referred to as the "Defendants".

4. Plaintiff sold to the Defendants, and Defendants purchased from Plaintiff, fresh Produce, having an invoice value in the amount of $46,532.50.

5. The Company accepted the Produce and received the invoices for the Produce.

6. The Defendants do not dispute the terms of the invoices and agreed to pay Plaintiff all outstanding amounts due.

7. The Defendants have failed to pay Plaintiff in full for the Produce.

8. The Defendants sold the Produce to pay other bills of the Defendants.

9. Defendants have failed to properly protect the PACA Trust Assets from dissipation, and as a direct result, Plaintiff has suffered damages, covered by the PACA trust in the current value of $41,250.36, plus additional contractually due costs of collection, including attorney's fees, incurred in this action.

## II. Conclusions of Law

In light of the foregoing Findings of Fact, the Court further finds as follows:

1. Plaintiff has demonstrated a reasonable likelihood that it will succeed on the merits of its claim against Defendants by: 1) the Affidavit of Plaintiff's President, Brittani Canals, which demonstrates Plaintiff properly preserved its trust claims by affixing the required notice language on the face of its invoices and serving same on the Company; 2) Defendants do

not dispute the amount due; and 3) previous to this action Defendants had agreed to pay Plaintiff the amount due, including attorney's fees.

2.  Plaintiff has no adequate remedy at law and will suffer irreparable harm absent a preliminary injunction. Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 139-140 (3d Cir. 2000); Gullo Produce Co. v. A.C. Jordan Produce Co., 751 F. Supp. 64, 67 (W.D. Pa. 1990) ("PACA trust dissipation constitutes irreparable harm."). Defendants no longer have the Produce purchased from Plaintiffs as it was sold to pay other bills of Defendants. Defendants have also advised Plaintiff there may be insufficient funds to pay Plaintiff in the future which would cause Plaintiff to suffer irreparable harm.

3.  Defendants will not be harmed by the issuance of a preliminary injunction. The relief Plaintiff seeks is to enforce the Defendants to comply with the law and require Defendants to satisfy their pre-existing obligations under PACA.

4.  The public interest will be served by the issuance of a preliminary injunction. Specifically, it is the intent that PACA trust creditors such as Plaintiff are to be protected per the statute, as follows:

> The subsection [the PACA trust provision] is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

7 U.S.C. § 499e(c)(1). To deny Plaintiff the relief required would erode the protection Congress guaranteed to the growers and dealers of produce in Plaintiff's position, therefore the preliminary injunction is clearly in the public interest.

5.  Plaintiff is not required to post a bond.

### III. Preliminary Injunction

Accordingly, it is hereby ORDERED that Defendants, Isadore A. Rapasadi and Sons, Inc. and Robert S. Rapasadi, and their agents, officers, successors, bankers, assigns, principals, employees, attorneys and persons acting in concert with them, be enjoined from:

1. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from sales of any or all existing or future inventories of food, including, but not limited to, inventory on hand, perishable agricultural commodities, and/or other products derived from perishable agricultural commodities, and/or receipts of payments for such commodities sold prior to the date of the restraining order, and/or otherwise disposing of corporate or personal assets to any creditors, persons, or entities until further Order of this Court or until Defendants pay Plaintiff the sum of $41,250.36;

2. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficial interests in the Perishable Agricultural Commodities Act ("PACA") trust assets;

3. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1)-(4) or 7 U.S.C. § 499b(4); and

4. Pending further orders of this Court or until such time as Defendants pay Plaintiff the sum of $41,250.36, no banking institution, including, but not limited to, M&T Bank, bearing routing number 005689, and account number 0 2000046 8890670600, holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Pending further orders of this Court or until such time as Defendants pay Plaintiff the sum of $41,250.36, no banking institution, including, but not limited

to, M&T Bank, bearing routing number 005689, and account number 0 2000046 8890670600, holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing corporate or personal assets of any Defendant without first obtaining the express written approval of this Court.

5. Because the Defendants already possess the $41,250.36 of PACA trust assets which are the Plaintiff's property, the bond in this case shall be set at $0.

It is further ORDERED that:

6. Defendants account to the Court and the Plaintiff's counsel in writing within five (5) business days of this Order of all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and regulations promulgated thereunder.

This Order shall take effect immediately and shall continue in effect until an Order by this Court dissolving or modifying this Order.

DONE and ORDERED in Chambers, Tampa, Florida this 15th day of February, 2013.

United States District Judge

Copies furnished to:

All parties and counsel of record

5