**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ADVANCE PRODUCE, INC.,**

    **Plaintiff,**

v.                                                Case No.  8:13-cv-242-T-30AEP

**ISADORE A. RAPASADI AND SONS, INC.
and ROBERT S. RAPASADI,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Complaint (Dkt. 40) and Plaintiff's Response in Opposition (Dkt. 49).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied in part and granted in part.

**BACKGROUND**

The procedural history of this case is highly relevant to the instant ruling.  On January 25, 2013, Plaintiff Advance Produce, Inc. filed a complaint, emergency motion for preliminary injunction, and motion for temporary restraining order against Defendants Isadore A. Rapasadi and Sons, Inc. and Robert S. Rapasadi under the Perishable Agricultural Commodities Act, 1930 ("PACA"), 7 U.S.C. §§ 499a-499s, as amended.  Advance Produce alleges that Rapasadi and Sons, Inc. and Robert S. Rapasadi, in his individual capacity, purchased perishable agricultural commodities, or produce, in interstate commerce from

Advance Produce and subsequently failed to pay Advance Produce. On January 25, 2013, the Court granted Advance Produce a temporary restraining order and referred the motion for preliminary injunction to Magistrate Judge Anthony E. Porcelli.

On February 1, 2013, Advance Produce filed a certificate of service regarding the temporary restraining order, reflecting personal service of the temporary restraining order on Rapasadi and Sons, Inc. and Robert S. Rapasadi, in addition to other individuals at the entity. On February 4, 2013, Judge Porcelli noticed the motion for preliminary injunction for a February 14, 2013 hearing. On February 12, 2013, Advance Produce filed a certificate of service regarding the notice of hearing, reflecting personal service of the hearing notice on Rapasadi and Sons, Inc. and Robert S. Rapasadi. The preliminary injunction hearing was conducted on February 14, 2013; neither Defendant appeared at the hearing.

On February 14, 2013, Judge Porcelli issued a report and recommendation ("R&R"), recommending that the Court grant Advance Produce a preliminary injunction. The R&R noted that Defendants were properly notified and served with a copy of the motion for preliminary injunction, among other pleadings, and the notice of the preliminary injunction hearing. The R&R also noted that neither Defendant appeared at the hearing. The R&R concluded that Advance Produce established on the record all of the factors for issuing a preliminary injunction.

On February 15, 2013, the Court entered a preliminary injunction based on Judge Porcelli's R&R. That same day, Defendants were personally served with the preliminary injunction.

On June 12, 2013, Advance Produce filed a verified motion for an order to show cause why Defendants were not in contempt of court. The motion noted that Defendants were in violation of the preliminary injunction order. On June 13, 2013, Judge Porcelli scheduled the motion for a July 17, 2013 hearing. The hearing notice directed Defendants to appear at the hearing and stated that "failure of Defendants to appear will be deemed contempt of court." (Dkt. 34). On July 16, 2013, the day before the hearing, Defendants filed a notice of appearance, motion to dismiss complaint, emergency motion to continue order to show cause hearing, and emergency motion to dissolve the preliminary injunction hearing. On July 17, 2013, Judge Porcelli continued the hearing to a later date and directed the parties to complete discovery related to the evidentiary hearing by September 30, 2013.

This case is at issue upon Defendants' motion to dismiss.

## **DISCUSSION**

Defendants move to dismiss Advance Produce's complaint based on: lack of venue; lack of personal jurisdiction over Robert S. Rapasadi; and failure to state a claim of individual liability over Robert S. Rapasadi.

The Court concludes that Defendants' gross delay in defending this action waives their venue and personal jurisdiction arguments. Claims that venue and jurisdiction are improper may be waived by failing to "seasonably" make these assertions. *See Hoffman v. Blaski,* 363 U.S. 335, 343 (1960). Both venue and jurisdiction are personal privileges of the defendant and both may be waived. *See Leroy v. Great W. United Corp.,* 443 U.S. 173 (1978); *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167-168 (1939). Under

Federal Rule of Civil Procedure 12, improper venue and lack of personal jurisdiction defenses may be waived if they are neither raised by motion before the answer or asserted in the responsive pleading. Rule 12, however, "sets only the outer limits of waiver; it does not preclude waiver by implication." *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir. 1990). As the Supreme Court stated in *Neirbo,* privilege defenses such as lack of personal jurisdiction or improper venue may be "lost by failure to assert (them) seasonably, by formal submission in a cause, or by submission through conduct." 308 U.S. at 168.

Defendants' conduct in this case in actively choosing not to defend themselves waives their privilege defenses.[1] As set forth above, Defendants were personally served with the temporary restraining order, the motion for preliminary injunction, the notice of hearing of the preliminary injunction, and the preliminary injunction, among other filings. Defendants chose not to defend themselves until July 16, 2013, *after* they were threatened with being held in contempt of Court. Defendants' failure to appear until July 16, 2013, waives their personal jurisdiction and venue defenses, especially in light of the preliminary injunction order, which was entered based on the merits of the case. *See Network Prof'ls, Inc. v. Network Intern. Ltd.,* 146 F.R.D. 179, 184 (D.Minn. 1993) (finding waiver when defendants raised a personal jurisdiction defense after the court contemplated the merits or quasi-merits of the case in a preliminary injunction motion). Accordingly, Defendants' motion to dismiss is denied to the extent that it is based on lack of venue and lack of personal jurisdiction.

---

[1] Indeed, Defendants admit in their emergency motion to dissolve preliminary injunction that "[u]p to this point in time, Rapasadi and Robert Rapasadi have chosen not to defend this lawsuit" (Dkt. 42 at ¶11).

Robert S. Rapasadi argues that the complaint fails to allege his individual liability under PACA and the other related claims. Although Advance Produce has not yet responded to this portion of Defendants' motion to dismiss, the Court concludes that any response would be futile because the allegations of the complaint are insufficient to establish Rapasadi's individual liability. The complaint does not state any specific allegations related to Rapasadi's individual liability. Thus, the more practical approach is to allow Advance Produce to amend the complaint to fix this deficiency.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Complaint (Dkt. 40) is granted in part and denied in part as stated herein.

2. Plaintiff shall amend its complaint within fourteen (14) days of this Order. Failure to amend the complaint by that time shall result in the dismissal of Defendant Robert S. Rapasadi without further notice. Also, if Plaintiff does not amend its complaint within fourteen (14) days of this Order, Defendant Isadore A. Rapasadi and Sons, Inc. shall file an answer to the existing complaint within twenty-one (21) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-242.mtdismiss.frm